**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

COMTECH INDUSTRIES, INC.

        Plaintiff,                      CIVIL ACTION NO. 26-402

        v.

SELECT WATER SOLUTIONS, LLC        <u>**JURY TRIAL DEMANDED**</u>

        Defendant.

<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiff, Comtech Industries, Inc. ("Comtech" or "Plaintiff") by its attorneys and for its Complaint against Select Water Solutions, LLC ("Select" or "Defendant") alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 154(d), 281 and 283-285.

<u>**THE PARTIES**</u>

2.      Plaintiff Comtech is a Pennsylvania corporation having a place of business at 251 West Wylie Avenue, Washington, PA 15301.

3.      Upon information and belief, Defendant Select is a Delaware limited liability corporation having a principal place of business at 1233 West Loop S Ste 1400, Houston TX 77027-9122.

## JURISDICTION AND VENUE

3.     Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

4.     This Court has personal jurisdiction over Defendant, upon information and belief, for at least the following reasons:  Defendant has committed acts of infringement within the Commonwealth of Pennsylvania and this Judicial District in violation of 35 U.S.C. § 271; and Defendant transacts and solicits business within the Commonwealth of Pennsylvania and this Judicial District. In short, upon information and belief, Defendant has purposefully availed itself of the privileges and benefits of the laws of the Commonwealth of Pennsylvania, and Defendant derives benefits from its presence in this Judicial District. Upon information and belief, Defendant also derives substantial revenue from infringing products offered for sale, sold and/or used within this Judicial District, and should reasonably expect its actions to have consequences within this Judicial District.

5.     Venue properly lies in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PATENT-IN-SUIT

6.     Comtech is a national leader with recognized expertise in treating and managing water, waste, and by-products, primarily for the oil and gas industry. Comtech provides specialized services and products for mobile, on-pad water treatment, storage tank systems and hydrocarbon detection.

7.     To protect its intellectual property resulting from its significant investments, Comtech applied for and obtained numerous patents directed to various oil and gas industry

water and waste safety system inventions and technologies.  Comtech's safety system-related patents include U.S. Patent No. 12,405,262.

8.      U.S. Patent No. 12,405,262 ("the '262 Patent"), entitled "Hydrocarbon Condensate Detection and Control," was duly and legally by the United States Patent and Trademark Office on September 2, 2025, and names Dean Grose as the inventor. A true and correct copy of the '262 Patent is attached hereto as Exhibit 1.

9.      The priority date for the '262 Patent is August 24, 2021.  Thereafter, Comtech made, used, offered for sale, sold, and/or imported products and/or systems embodying the inventions described and claimed in the '262 Patent.

10.     The publication date for the '262 Patent application is May 23, 2024.

11.     Plaintiff Comtech is the assignee and owner of all right, title, and interest in and to (including the right to sue and recover for, and the right to profits or damages due or accrued or arising out of or in connection with, any and all past, present, and future infringements, damages, or injury to the '292 Patent). A true and correct copy of the March 10, 2026 Assignment is attached hereto as Exhibit 2.

## COUNT ONE

## INFRINGEMENT OF U.S. PATENT NO. 12,405,262

12.     Plaintiff incorporates by reference the allegations in paragraph 1-11 as if fully set forth herein.

13.     Comtech had previously divulged its Hydrocarbon Condensate Detection and Control system that is memorialized in the '262 Patent, the existence of the '262 Patent and the publication of the same, and the underlying technology to Defendant on or about July 26, 2024, and thereafter, following Comtech and Defendant's execution of a Mutual Confidentiality

Agreement. A copy of the July 26, 2024 Mutual Confidentiality Agreement is attached hereto as Exhibit 3.

14.     Comtech presented its Hydrocarbon Condensate Detection and Control system described and claimed in the '262 patent to Defendant on multiple occasions thereafter from July through October 2024, including telephone conversations, Microsoft Teams meetings, and a live meeting at Defendant's Washington, Pennsylvania location to provide a demonstration of the Hydrocarbon Condensate Detection and Control system. During these discussions and meetings, Comtech informed Defendant of the pending, published application for the '262 patent and explained how Defendant's products that are offered for sale in the marketplace could benefit from incorporation of Comtech's inventions.

15.     Comtech and Defendant engaged in numerous teleconferences regarding the inventions described and claimed in the '262 Patent in the subsequent weeks after the presentation.

16.     Defendant subsequently began making, using, offering to sell, selling and/or importing infringing products utilizing Plaintiff's Hydrocarbon Condensate Detection and Control systems.

17.     Upon information and belief, Defendant has continued to make, use, offer for sale, sell, and/or import infringing products utilizing Plaintiff's Hydrocarbon Condensate Detection and Control systems.

18.     The products and/or systems that have been made, used, offered for sale, sold, or imported are within at least some of the scope of the claims of the '262 Patent.

19.     The photographs that follow below, taken on or about February 20, 2026, are of an infringing hydrocarbon detection and control system that was made, used, offered for sale, sold, or imported by Defendant.

20.     Defendant has made and sold multi-tanker truck pipeline hydrocarbon detection and control systems.



21.     Those systems include hydrocarbon content sensors that include turbidity sensors.



22.    The hydrocarbon content sensors provide hydrocarbon content to a controller.



23.    The controller transmits a control signal to stop flow of the aqueous process fluid when the hydrocarbon content exceeds a limit.



24.     Defendant's manufacture, use, offer for sale, sale and/or importing of products utilizing Plaintiff's patented Hydrocarbon Detection and Control Systems have occurred without Plaintiff's consent.

25.     The continued manufacture, use, offer for sale, sale and/or importing of the Hydrocarbon Detection and Control Systems by Defendant constitute willful and intentional infringement of Plaintiff's '262 Patent, are in total disregard of Plaintiff's rights, and have continued in spite of Defendant's knowledge that the manufacture, use, offer for sale, sale and/or importing of the systems would be in direct contravention of the rights of Comtech.

26.     The full extent of Defendant's infringement is not presently known to Plaintiff. On information and belief, Defendant has made, offered for sale, and sold, or will sell, products that infringe the '262 Patent. Plaintiff makes this preliminary identification of an infringing product and infringed claims in Count One without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

27.     Plaintiff has suffered and continues to suffer damages as a result of Defendant's infringement of the '262 Patent in an amount to be determined at trial for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

28.     Defendant's infringement of the '262 Patent is causing irreparable harm for which Plaintiff has no adequate remedy at law unless Defendant is enjoined by this Court. Under 35 U.S.C. § 283, Plaintiff is entitled to a permanent injunction against further infringement of the '262 Patent.

29.     On information and belief, Defendant has been aware of and has had notice and actual knowledge of the '262 Patent and its infringement thereof at least as early as July 2024,

following the parties' execution of a Mutual Confidentiality Agreement and Plaintiff's divulgence of the Hydrocarbon Condensate Detection and Control systems and '262 Patent that were made under the assumed non-disclosure, and return and destruction of information related to, the '262 Patent. Defendant's acts of infringement have been willful and are in disregard of the '262 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Defendant's infringement has been, and continues to be knowing, intentional, and willful.

30.     This case is exceptional, and Defendant's receipt and knowledge of the inventions covered by the '262 Patent following the Parties' communications and notice of the same, under the presumed protection of the Mutual Confidentiality Agreement, is egregious. Therefore, Plaintiff is entitled to an award of attorney's fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Comtech prays for the following judgment and relief:

A.     A judgment that Defendant has infringed, actively induced others to infringe, and/or contributorily infringed the '262 Patent in violation of 35 U.S.C. § 271(a);

B.     A permanent injunction against Defendant and their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, from infringing the '262 Patent, including enjoining the making, offering for sale, selling, using, or importing into the United States products claimed in any of the claims of the '262 Patent; inducing others to use and perform methods that infringe any claim of the '262 Patent; or contributing to others using and performing methods that infringe any claim of the '262 Patent, until the expiration or abandonment of the '262 Patent;

C.      An award of damages adequate to compensate Plaintiff for Defendant's patent infringement, and an accounting to adequately compensate Plaintiff for the infringement, including, but not limited to, lost profits and/or a reasonable royalty, pursuant to 35 U.S.C. § 284 and provisional damages pursuant to 35 U.S.C. § 154(d);

D.      Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C § 284;

E.      An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

F.      An order finding that this is an exceptional case and awarding Plaintiff its costs, expenses, disbursements, and reasonable attorneys' fees related to Defendant's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

G.      Such other further relief, in law or equity, as this Court deems just and proper.

## **JURY DEMAND**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Comtech hereby demands and requests trial by jury of all issues raised that are triable by jury.

[SIGNATURES ON FOLLOWING PAGE]

DATED: March 12, 2026

                                           Respectfully Submitted,

                                           */s/ Michael P. Flynn*
                                           Michael P. Flynn, Esq.
                                           PA I.D. No. 206150
                                           mflynn@dmclaw.com
                                           Alyssa M. Wecht, Esq.
                                           PA I.D. No. 334925
                                           awecht@dmclaw.com
                                           Dickie, McCamey & Chilcote, P.C.
                                           Four Gateway Center
                                           444 Liberty Ave, Suite 1000
                                         Pittsburgh, PA 15222-1225
                                         (412) 281-7272

                                         and

                                         Richard W. James, Esq.
                                         PA I.D. No. 80426
                                         rich@jamespatent.com
                                         25 Churchill Road
                                         Pittsburgh, PA 15235
                                         (412) 913-8305

                                         *Counsel for Plaintiff*